Ryan Ballard, ISBN 9017
BALLARD LAW, PLLC
P.O. Box 38
Rexburg, Idaho 83440
Telephone: (208) 359-5532
Email: ryanballardlaw@gmail.com

[Additional Counsel for Plaintiff Listed on Signature Page]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| KEITH ROSKELLEY, on behalf of himself and others similarly situated, | ) ) ) | Case No.: 1:18-cv-561 |
| Plaintiff, | ) ) | **COMPLAINT** |
| v. | ) ) | **(JURY TRIAL DEMANDED)** |
| COLLECTION BUREAU, INC., a Idaho corporation and MARK L. CLARK, an individual, and MARK L. CLARK, PLLC, an Idaho professional limited liability company, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Defendant Collection Bureau, Inc. is a collection agency and Defendant Mark L. Clark, PLLC is Collection Bureau's associated law firm. Defendant Mark L. Clark owns and operates both the collection agency and affiliated law firm. In April 2018 the collection agency obtained a default judgment against Keith Roskelley in Ada County's Fourth Judicial District Court, Case No. CV01-18-03312 ("the state collection action"). The law firm represented the collection agency in the state collection action.

Plaintiff Keith Roskelley should not have been named in the state collection action and was not served with a summons or complaint before the collection agency and the law firm obtained a default against him. Mr. Roskelley and his adult daughter, Amanda Roskelley, were named in the state collection action as husband and wife. They are not and never have been

married. Some of the alleged debts giving rise to the state collection action were incurred by Amanda Roskelley. Mr. Roskelley bears no responsibility for those alleged debts. Mr. Roskelley was never served with a summons and complaint in the state court action. Instead, the collection agency and the law firm served Amanda Roskelley at her home in Boise. Mr. Roskelley lives in Meridian and has never lived in his daughter's Boise home.

The collection agency and the law firm routinely violate the federal Fair Debt Collection Practices Act by filing lawsuits against people who owe the collection agency's creditor client nothing, but share a last name with someone who obtained services from or entered into a contractual relationship with the creditor. Additionally, Defendants use improper substitute service for the non-debtor defendant by serving notice of the action only at the debtor's home and failing to serve the non-debtor at his or her usual place of abode.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

2.      Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

## PARTIES

3.      Plaintiff Keith Roskelley is a natural person residing in Ada County, Idaho, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). The debts that are the subject of this action were incurred primarily for family, personal or household purposes.

4.      Defendant Collection Bureau, Inc. ("CBI") is an Idaho corporation engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 719 1st St. S., Nampa, ID 83651.

5.      CBI is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6.      The principal purpose of CBI is the collection of debts owed or due or asserted to be owed or due to another.

7.      CBI uses instrumentalities of interstate commerce and the mails in its business.

8.      CBI is licensed to do business in Idaho and can be served through its registered agent, Mark L. Clark at 719 1st St. S., Nampa, ID 83651.

9.      Defendant Mark L. Clark PLLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6)

10.     Defendant Mark L. Clark PLLC is law firm with its principal place of business at 812 1st Street South, Nampa, ID 83653.

11.     The principal purpose of Defendant Mark L. Clark PLLC is the collection or attempted collection of debts, directly or indirectly, owed or due or asserted to be owed or due to another.

12.     Defendant Mark L. Clark PLLC uses the mails and telephones in its collection or attempted collection of debts.

13.     Defendant Mark L. Clark is an attorney admitted to the Idaho bar.

14.     Clark operates CBI from 719 1st St. S., Nampa, ID 83651.

15.     Clark operates his law firm from 820 1st St. S., Nampa, ID 83651.

16.     Clark is a debt collector as defined by 15 U.S.C. § 1692a(6).

17.     Clark engages in the business of collecting debts using mails and telephones.

18.     Clark is the president and founder of CBI and controls all aspects of CBI, including all policies related to the collection of debts.

19.     Clark is the founder and owner of Mark L. Clark PLLC and controls all aspects of the law firm, including all policies related to the collection of debts

20.     None of the exceptions to the term "debt collector" under the FDCPA apply to

CBI, Mark L. Clark PLLC, or Clark.

21.     Plaintiff alleges on information and belief that each Defendant herein acts in

concert with, and is the agent or employee of, each other Defendant.

22.     The alleged debts that Defendants sought to collect from Plaintiff were in default

when Defendants began their collection efforts.

**GENERAL ALLEGATIONS**

23.     On March 19, 2018, Mark L. Clark PLLC, filed a complaint on behalf of CBI

against Keith Roskelley and Amanda Roskelley in Idaho state court, Ada County Case No.

CV01-18-03312.

24.     The complaint alleged that Keith Roskelley and Amanda Roskelley owed $5.00 to

Primary Health Medical Group, $46.13 to Saltzer Clinics, $200.00 to Idaho Plumbing Company,

and $11.55 to Primary Health Medical Clinic.

25.     The complaint further alleged that CBI was authorized to collect the debts on

behalf of the four named creditors.

26.     On April 16, 2018, Mark L. Clark PLLC moved for entry of a default judgment

against Keith Roskelley and Amanda Roskelley and in favor of CBI.

27.     CBI's motion asserted that Keith Roskelley and Amanda Roskelley had failed to

respond to the summons and complaint which had been delivered to Amanda Roskelley at 8810

W. San Anita Dr. in Boise on March 3, 2018.

28.     The affidavit of service referred to that address as the "current place of abode" for

both Keith Roskelley and Amanda Roskelley.

29.     The summons and complaint were improperly served by Brittany Spiker, who was retained by Defendants to serve papers and is an agent of Defendants.

30.     Keith Roskelley has resided at 2339 NE 10th Ave. in Meridian, Idaho for more than a decade.

31.     Keith Roskelley has never resided at 8810 W. San Anita Dr. in Boise.

32.     Amanda Roskelley is Keith Roskelley's 28-year-old daughter.

33.     The Primary Health Medical Group and Saltzer Clinic debts were incurred by Amanda Roskelley several years after she reached the age of majority.

34.     Keith Roskelley has no legal responsibility to pay his adult daughter's alleged debts.

35.     In October 2018, Keith Roskelley received notice from his employer that his wages would be garnished by CBI.

36.     The wage garnishment was Mr. Roskelley's first notice of the complaint filed and the judgment entered against him.

37.     Mr. Roskelley retained the services of attorney Ryan Ballard to help him sort out how a judgment was entered against him in a case in which he was never served with a complaint.

38.     On October 23, Mr. Roskelley filed a motion to set aside the default judgment based on the improper service of the summons and complaint.

39.     On October 29, 2018, CBI filed an unopposed motion to set aside the judgment entered against Mr. Roskelley. In his affidavit supporting CBI's motion to set aside the default judgment, Jordan S. Ipsen, an attorney at Mark L. Clark PPLC, averred that Mr. Roskelley "is

not responsible" and that "it would be fair and equitable for the court to set aside the judgment

against Keith Roskelley only previously entered herein."

## CLASS ALLEGATIONS

40.    **Class Definition.** Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings

this case as a class action on behalf of a "Class" defined as follows:

> Each person named as a defendant in a collection action filed by
> CBI in Idaho courts within one year prior to the filing of this action,
> who does not appear in the records provided to CBI by the original
> creditor for each alleged debt as person responsible for the alleged
> debt.

41.    CBI collects alleged debts throughout Idaho and Oregon, for hundreds of business

clients. CBI has a standard practice of filing lawsuits against non-debtors with the same last

name as alleged debtors, regardless of who incurred the debt. It also has a standard practice of

serving only one co-defendant before seeking a default judgment, even if the other co-defendant

resides at a different address.

42.    **Numerosity**. There are more than forty people in the Class described above.

43.    **Commonality**. There exist questions of law and fact common to Plaintiff and the

proposed Class, including but not limited to:

a.    Whether Defendants routinely file lawsuits against non-debtors who bear

no responsibility for alleged debts assigned or sold to CBI for collection;

b.    Whether Defendants violate the FDCPA by filing lawsuits against non-

debtors who are not responsible for any alleged debt assigned or sold to

CBI;

c.      Whether Defendants are liable for statutory or actual damages under 15

U.S.C. 1692k, for filing lawsuits against non-debtors with the same last

name regardless of who incurred the debt.

d.      Whether Defendants have a standard practice of improperly serving

defendants named in collection actions by leaving the summons and

complaint with a co-defendant who resides at a different address;

e.      Whether Defendants violate the FDCPA when they leave a summons and

complaint with a co-defendant who resides at a different address than

other defendants named in a collection action, and assert in court filings

that all defendants have been properly served;

f.      Whether Defendants are liable actual or statutory damages under 15

U.S.C. 1692k, for obtaining default judgments after serving defendants by

leaving the summons and complaint with a co-defendant who resides at a

different address.

44.    **Typicality**. Plaintiff's claims are typical of the claims of the Class. Plaintiff's

claims, like the claims of the Class, arise out of the same common course of conduct by

Defendants and are based on the same legal theories.

45.    **Adequacy of Representation**. Plaintiff is an appropriate representative for the

Class and will fairly and adequately protect the interests of the Class. Plaintiff understands and is

willing to undertake the responsibilities of acting in a representative capacity on behalf of the

proposed Class. Plaintiff has no interests that directly conflict with interests of the Class.

Plaintiff has retained competent and capable attorneys who are experienced trial lawyers and

class action litigators. Plaintiff and his counsel are committed to prosecuting this action

vigorously on behalf of the Class and have the financial resources to do so.

46.     **Predominance.** Defendants have a standard practice of filing lawsuits against

non-debtors with the same last name as alleged debtors, regardless of who incurred the debt.

Defendants also has a standard practice of obtaining default judgments after serving defendants

by leaving the summons and complaint with a co-defendant who resides at a different address.

The common issues arising from this conduct predominate over any individual issues.

Adjudication of these common issues in a single action has important and desirable advantages

of judicial economy.

47.     **Superiority**. Defendants' alleged practices, including suing individuals who are

not responsible for alleged debts, and failing to properly serve those individuals before obtaining

default judgments harms consumers, and low-income consumers in particular. Absent a class

action, however, many Class members may be unaware they have been sued for debts allegedly

owed by other people or may find the cost of litigating their claims individually prohibitive.

Class treatment is superior to multiple individual suits or piecemeal litigation because it

conserves judicial resources, promotes consistency and efficiency of adjudication, provides a

forum for small claimants, and deters illegal activities. The Class members can be identified

from CBI's business records, and there will be no significant difficulty in the management of this

case as a class action.

## FIRST CLAIM: VIOLATION OF FDCPA, 15 U.S.C. § 1692e

48.     Plaintiff re-alleges and incorporates by reference all of the paragraphs of this

Complaint as though fully stated herein.

49.    The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

50.    "[T]he FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors." *Clark v. Capital Credit & Collection Services, Inc.,* 460 F.3d 1162, 1171 (9th Cir.2006).

51.    The FDCPA prohibits and imposes strict liability and both statutory and actual damages for, a wide range of abusive and unfair practices. *Donohue v. Quick Collect, Inc.,* 592 F.3d 1027, 1030 (9th Cir.2010).

52.    Under 15 U.S.C. § 1692e, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

53.    Defendants violate 15 U.S.C. § 1692e when they file lawsuits alleging that non-debtors are liable for alleged debts incurred by other people with the same last name as the non-debtor and falsely claiming that the non-debtor received goods and services when they did not in fact receive any goods and services.

54.    Defendants violate 15 U.S.C. § 1692e when they obtain default judgments against all defendants named in a complaint, without having properly served each defendant named in a complaint with a summons and complaint.

55.    Defendants violate 15 U.S.C. § 1692e when they file affidavits in support of requests for default judgment that falsely claim that each defendant named in a collection action has been served, when Defendants have not properly served all named defendants.

56.     Non-debtors suffer damages when a judgment is entered against them because a judgment can affect their ability to gain or keep employment, can prevent that person from obtaining credit, and can increase the cost of credit.

## SECOND CLAIM: VIOLATION OF FDCPA, 15 U.S.C. § 1692f

57.     The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

58.     The FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f.

59.     It is unfair and unconscionable to name as a defendant in a collection action a person who is not responsible for the alleged debts giving rise to the action.

60.     It is unfair and unconscionable to obtain a default judgment against an alleged debtor without having served the alleged debtor with a summons and complaint.

## PRAYER FOR RELIEF

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class members and against Defendants as follows:

A.     Certify the Class and appoint Plaintiff as the class representative and his counsel as class counsel;

B.     Award the Class statutory damages of up to $500,000 pursuant to 15 U.S.C. § 1692k(a)(2)(B) and actual damages in an amount to be determined at trial consisting of any amount collected by the Defendants from the Class;

C.     Award Plaintiff his actual or statutory damages in an amount to be determined at trial;

D.     Award Plaintiff and the Class reasonable attorney's fees, litigation expenses, and

cost of suit pursuant to 15 U.S.C. § 1692k(a)(3); and

      E.      Such other and further relief as the Court deems proper.

DATED: December 20, 2018.

                              BALLARD LAW, PLLC

                              By: /s/ Ryan A. Ballard, ISBN 9017
                                    Ryan Ballard, ISBN 9017
                                    P.O. Box 38
                                    Rexburg, Idaho 83440
                                    Telephone: (208) 359-5532
                                    Email: ryanballardlaw@gmail.com

                                    Beth E. Terrell, *Pro Hac Vice Forthcoming*
                                    Blythe H. Chandler, *Pro Hac Vice Forthcoming*
                                    TERRELL MARSHALL LAW GROUP PLLC
                                    936 North 34th Street, Suite 300
                                    Seattle, Washington 98103
                                    Telephone: (206) 319-5450
                                    Email: bterrell@terrellmarshall.com
                                    Email: bchandler@terrellmarshall.com