UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KEITH ROSKELLEY, on behalf of himself and others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>COLLECTION BUREAU, INC., an Idaho corporation and MARK L. CLARK, an individual, and MARK L. CLARK, PLLC, an Idaho professional limited liability company,<br><br>          Defendants. | Case No. 1:18-cv-00561-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are Plaintiff's motion to amend the complaint, Defendants' motion to strike Plaintiff's class allegations, and Defendants' motion for protective order and to stay discovery pending the resolution of the motion to strike. (Dkt. 25, 26, 27.) The parties filed responsive briefing, and all matters are now ripe. The Court inquired about oral argument on the motions during a telephonic status conference conducted on August 5, 2019, and the parties agreed to submit the matter without oral argument. Upon review of the record, the Court finds that the decisional process would not be

**MEMORANDUM DECISION AND ORDER - 1**

significantly aided by oral argument, and therefore the motion will be decided on the record before this Court. Dist. Idaho L. Rule 7.1(d). For the reasons that follow, the Court will grant in part and deny in part Plaintiff's motion to amend; deny Defendants' motion to strike; and deny Defendants' motion to stay as moot.

## BACKGROUND

Keith Roskelley alleges that, on March 19, 2018, Collection Bureau, Inc. filed a complaint against him and his adult daughter, Amanda Roskelley, in Idaho state court, claiming that they owed $5.00 to Primary Health Medical Group, $46.13 to Saltzer Clinics, $200.00 to Idaho Plumbing Company, and $11.55 to Primary Health Medical Clinic. The summons and complaint were delivered to Amanda Roskelley at her residential address in Boise on March 3, 2018. However, Keith Roskelley has resided in, and still resides in, Meridian and never resided with his 28-year-old daughter at her residence in Boise. Roskelley denies he had any responsibility to pay his daughter's medical debts, but that nonetheless, CBI wrongfully sued him together with his daughter in the collection action.[1]

Roskelley contends he did not know of the collection complaint filed against him until October of 2018, when Roskelley received notice from his employer that CBI was garnishing his wages. Roskelley asserts the wage garnishment notice was his first notice that a collections complaint had been filed, and judgment had been entered, against him.

---

[1] Roskelley does not deny, however, that he was responsible for two of the four debts, as further explained below.

**MEMORANDUM DECISION AND ORDER  - 2**

He retained local attorney Ryan Ballard[2] for assistance with setting aside the default judgment based upon improper service. According to Roskelley, CBI filed an unopposed motion to set aside the default judgment entered against him, averring that "Mr. Roskelley is not responsible" for the debts. The state court granted the motion.

Shortly after the collection action was resolved, on December 20, 2018, Roskelley filed the complaint before the Court alleging that Defendants Collection Bureau, Inc., Mark L. Clark, PLLC, and Mark L. Clark (collectively, CBI) are debt collectors who employ policies that cause Defendants to violate the Fair Debt Collection Practices Act (FDCPA) in two ways: (1) by filing lawsuits against debtors who are not responsible to pay each debt at issue; and (2) serving only one defendant before seeking a default judgment, even if the co-defendant resides at a different address. Roskelley claims these violations occur because of CBI's practice of suing people with the same last name, based upon an assumption they are spouses, to collect a debt that only one of the individuals owes.

Roskelley brings this matter as a potential class action on behalf of the following persons similarly situated:

> Each person named as a defendant in a collection action filed by CBI in Idaho courts within one year prior to the filing of this action, who does not appear in the records provided to CBI by the original creditor for each alleged debt as person responsible for the alleged debt.

---

[2] Mr. Ballard initially represented Roskelley in this matter. However, on August 28, 2019, the Idaho Supreme Court entered an order granting Mr. Ballard's stipulation to resign in lieu of disciplinary proceedings. Since the entry of the Idaho Supreme Court's order, the local firm of Andersen Schwartzman Woodard Dempsey, PLLC, substituted for Mr. Ballard. The Terrell Marshall Law Group PLLC, based in Seattle, Washington, continues to also represent Roskelley.

**MEMORANDUM DECISION AND ORDER - 3**

The complaint contains two FDCPA claims asserted under 15 U.S.C. § 1692e and 15 U.S.C. § 1692f, which prohibit debt collectors from using false, deceptive or misleading representations or means in connection with the collection of any debt, and from using any unfair or unconscionable means to collect any debt, respectively.

In support of its motion to strike, CBI submitted the declaration of Mark L. Clark, setting forth facts that establish CBI's decision to link the separate collection accounts of Keith and Amanda Roskelley was a mistake, based upon an incorrect assumption that the two were husband and wife such that community assets were available to satisfy the debts. (Dkt. 25-1 at 12.) This mistake was then perpetuated when CBI served the summons and complaint upon Amanda Roskelley at her residence, because CBI assumed she was Keith Roskelley's spouse and they resided together. Clark stated also that, once the judgment against Keith Roskelley was set aside, Mr. Roskelley acknowledged liability for two of the four CBI accounts described in the collection complaint and he paid CBI the balance due for those two accounts. Mr. Roskelley does not deny these facts, although he objects to the Court's consideration of the Clark Declaration to the extent Clark sets forth his findings related to his review of CBI's business records to locate other instances when CBI sued individuals sharing the same last name together in one collection action.

The motion to amend complaint seeks to add two plaintiffs, Kevin McGee and John Hennefer, whom Roskelley contends were subject to the same debt collection

practices as he was.[3] Roskelley asserts that CBI sued Mr. McGee and Mr. Hennefer for recovery of debts they did not individually incur. In the case of Mr. McGee, his wife incurred two medical debts which she did not pay. On August 6, 2018, CBI filed a complaint against Mr. and Mrs. McGee seeking recovery of the debts that Mrs. McGee incurred. The McGees settled the matter, and the case was dismissed without prejudice. Proposed First Am. Compl. ¶ 46. (Dkt. 27-2 at 7.)

Turning to Mr. Hennefer, the proposed amended complaint states that, during the pendency of the couple's divorce proceedings, Ms. Hennefer incurred three medical debts. The Hennefer's divorce was finalized on July 6, 2018, and thereafter, CBI sued Mr. and Mrs. Hennefer in one action to recover the debts. Mr. Hennefer was served at his residence on November 1, 2018, while Mrs. Hennefer was served at her separate residence on November 29, 2018. CBI obtained a default judgment against both of the Hennefers on January 7, 2019.

Roskelley argues Mr. McGee and Mr. Hennefer fall within the proposed class, because neither "appeared in the records provided to CBI by the creditor for each alleged debt as the person responsible for the alleged debt." He contends it was improper to sue Mr. McGee and Mr. Hennefer together in the same action as their wife for their wife's consumer debts.

In opposition to the motion to amend, CBI submitted the second declaration of Mark Clark, which attaches copies of the complaints CBI filed in the state district court in

---

[3] The motion was filed on April 15, 2019, well before the May 28, 2019 deadline to do so. (Dkt. 20, 27.)

**MEMORANDUM DECISION AND ORDER - 5**

Ada County against the McGees and the Hennefers. Clark, the president and custodian of records of CBI, states that the complaint filed against the McGees sought collection of two debts – one owed by Mr. McGee, and the other owed by Mrs. McGee. Similarly, CBI's complaint against the Hennefers sought recovery of three separate debts – two owed by Mrs. Hennefer, and one owed by Mr. Hennefer. The complaints filed in state court sued the respective defendants "individually, and as husband and wife,"[4] in the same manner CBI sued Keith and Amanda Roskelley.

CBI argues Mr. McGee and Mr. Hennefer were properly sued together with their spouse, because the debts were incurred while the couples were married. CBI contends Mr. McGee and Mr. Hennefer were properly named as defendants together with their spouse to the extent CBI sought to satisfy the debts from community property. Roskelley, on the other hand, argues that a creditor is not permitted to name, and sue, a non-debtor for alleged debts incurred by his or her spouse, and that both Mr. McGee and Mr. Hennefer therefore fall within the proposed class.

After careful examination, the Court understands Roskelley's class action claim faults CBI for assuming individuals who share the same last name are married and, based

---

[4] Roskelley did not object to the Court's consideration of the second Clark Declaration, which attached the two complaints filed in state court against the McGees and the Hennefers. Further, although CBI did not raise Fed. R. Evid. 201, the rule allows the Court to take judicial notice on its own of facts not subject to reasonable dispute, and the Court may do so at any stage of the proceeding. Fed. R. Evid. 201(b)(2). Documents on file with other courts and county recorders' offices are routinely subject to judicial notice. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012), *Grant v. Aurora Loan Servs., Inc.*, 736 F.Supp.2d 1257, 1263 (C.D.Cal.2010) (collecting cases). Thus, the Court will consider the second Clark Declaration and the attached court records.

upon that assumption, proceeding to name the two individuals as defendants in the same lawsuit even if only one of the individuals incurred the debt. *See* Pl. Response to Mot. Strike at 7, 14. (Dkt. 30 at 7, 20.) CBI argues it does so because it seeks to satisfy debts owed by one or the other spouse from community property.

Keith Roskelley and his daughter represent one proposed subset in this group, as they are related (father and daughter) and share the same last name. CBI assumed they were married, and sued them both in the same action, individually and as husband and wife, to recover two debts owed by Keith, and two debts owed by Amanda. Two other (and potentially more) subsets exist in this proposed class – married couples who incurred individual debts, like Mr. and Mrs. McGee; and divorced spouses who incurred individual debts prior to the entry of the divorce decree, like Mr. and Ms. Hennefer, but who were sued together, both individually and as husband and wife, after their divorce was final. In each case, CBI assumed the individual debtors were married, and joined them in the same lawsuit. With regard to Mr. and Mrs. McGee, CBI was correct. But with respect to the Roskelleys and the Hennefers, CBI was not correct in assuming the two debtors were married at the time the collection suits were filed.[5]

---

[5] The Court can identify other subsets as well, such as unrelated persons sharing the same last name, but whom CBI assumes are married. Service issues may arise if the individuals sued did not reside together, and CBI assumed they did, which is what appears to have occurred with Keith Roskelley. Not all subsets would have service issues, however, if the individuals resided together.

**MEMORANDUM DECISION AND ORDER - 7**

## ANALYSIS

The Court will first examine the motion to amend the complaint, because it asks the Court to determine a question of law permeating the entirety of this action – whether Idaho law permits a creditor to sue and obtain a judgment against both members of a marital community for a debt incurred by only one spouse. CBI argues the proposed amendment to add Mr. McGee and Mr. Hennefer is futile, because Idaho law permits creditors to sue married individuals, individually and as husband and wife, to the extent the creditor seeks to satisfy the debt or debts from community property. Thus, CBI argues it correctly sued the two Hennefers together and also the two McGees together; based on this, they are not proper plaintiffs nor representative of the class, rendering the proposed amendment futile.

1.  **Motion to Amend Complaint**

Turning to the applicable standard the Court must apply, Fed. R. Civ. P. 15(a) provides that, once a responsive pleading has been served, a party may amend its pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court of Appeals for the Ninth Circuit recognizes that "the underlying purpose of Rule 15 [is] to facilitate [a] decision on the merits, rather than on the pleadings or technicalities," and, therefore, "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *Chudacoff v. University Med. Cent. of Southern Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

The decision whether to grant or deny a motion to amend under Rule 15(a) rests in the sole discretion of the trial court. The factors that are commonly used to determine the propriety of a motion for leave to amend are: 1) undue delay, bad faith or dilatory motive on the part of the movant; 2) repeated failure to cure deficiencies by amendments previously allowed; 3) undue prejudice to the opposing party by virtue of allowance of the amendment; and 4) futility of amendment. *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 n. 5 (9th Cir. 2011) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Futility alone can be enough to deny a motion for leave to amend. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). *See also Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (finding that the "proffered amendments would be nothing more than an exercise in futility" and affirming the district court's exercise of its discretion in denying the amended complaint because the moving party presented "no new facts but only new theories and provide[d] no satisfactory explanation for his failure to fully develop his contentions originally"); *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). A proposed amendment is futile if no set of facts can be proven under the amendment of the pleadings that would constitute a valid and sufficient claim or defense. *Miller*, 845 F.2d at 214. If it could be defeated on a motion for summary judgment, an amendment will be deemed futile. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986).

The issue presented here is whether it was permissible for CBI to join defendants in collection actions based upon the assumption that the defendants were married, and

community assets would be available to satisfy the debts of the individual debtor spouse. Idaho R. Civ. P. 19(a)(1) requires joinder if, in that person's absence, "the court cannot accord complete relief among existing parties; or that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: as a practical matter impair or impede the person's ability to protect the interest…." Alternatively, Idaho R. Civ. P. 20(a)(2) states that persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." The rule also states that a defendant need not be interested in defending against all the relief demanded. Idaho R. Civ. P. 20(a)(3).

Idaho's marital property regime recognizes two forms of property: separate and community. *In re Hicks*, 300 B.R. 372, 376 (Bankr. D. Idaho 2003). The characterization of property as separate or community is important in determining creditors' rights of recourse against each type of property. As explained in *Twin Falls Bank & Trust Co. v. Holley*, "under the community property system…when either member of the community incurs a debt for the benefit of the community, the property held by the marital community becomes liable for such a debt and the creditor may seek satisfaction of his unpaid debt from such property." 723 P.2d 893, 896-97 (1986).

There is scant authority explaining when the need arises to join both spouses before judgment can be executed upon community property. Robert D. Williams, Note, *When Must A Creditor, in an Action to Satisfy an Obligation from Community Property,*

**MEMORANDUM DECISION AND ORDER - 10**

*Join Both Spouses*?, 29 Idaho L. Rev. 1015, 1020 (1993). For instance, in Arizona, the court in *Flexmaster Aluminum Awning Co. v. Hirschberg*, 839 P.2d 1128, 1132-33 (Ariz. Ct. App. 1992), held that due process and judicial economy requires a creditor to join both spouses in a debt collection action to obtain a judgment against community property. Idaho has not explicitly weighed in on the subject, but does require joinder of spouses in certain other instances, such as an action for foreclose of a mechanics lien or of a mortgage on community real property. 29 Idaho L. Rev. at 1020, n.19 (citing *Moon v. Brewer*, 402 P.2d 973, 975-76 (Idaho 1965) (holding that wife is a necessary party where her interest in community property may be affected). In *Moon*, the Idaho Supreme Court explained that the wife of the defendant was "a necessary party to the plaintiffs' alternative claims for rescission and damages where her interest in community property may be affected. As to the others, she may be joined even though it may develop that a personal judgment cannot be entered against her." *Moon*, 402 P.2d 975-76.

Roskelley asserts the Idaho Supreme Court in *Twin Falls Bank & Trust Co.* held to the contrary, and would prohibit maintenance of an action against both spouses where only one incurs the debt. Upon review, the Court finds the holding does not support Plaintiff's interpretation entirely. In *Twin Falls Bank*, Mr. Holley incurred a debt while he was living separate and apart from his wife. After the divorce became final, Mr. Holley renegotiated and reaffirmed the debt. When Mr. Holley later defaulted, the creditor sued only Ms. Holley. The court held that the creditor was without any basis in law or fact to sue Ms. Holley or otherwise execute on former community property that was now in her possession by reason of the divorce decree. 723 P.3d at 898. *Twin Falls* simply stands for

**MEMORANDUM DECISION AND ORDER - 11**

the proposition that, after a divorce becomes final, a creditor may not sue a non-debtor spouse for the debts of her spouse, especially debts renegotiated and reaffirmed after a divorce is final.

Defendants argue the necessaries doctrine supports their inclusion of Mr. and Mrs. Hennefer in one action despite their divorce. Defendants' theory relies upon the holding of *State v. Suiter*, 67 P.3d 1274, 1280 (Idaho Ct. App. 2003), in which the appellate court upheld the lower court's holding that, in determining indigency for purposes of appointing counsel, the court may consider the income of the defendant's spouse. The consideration of spousal income for purposes of assessing whether a defendant is indigent and therefore entitled to appointed counsel in a criminal case is distinguishable from the situation presented here, which concerns the joinder of defendants in a single action for the recovery of a debt. *Suiter* is therefore inapposite.

The above authorities lead the Court to conclude that, out of the two potential plaintiffs, only one may be a proper plaintiff based upon the proposed class definition. The Hennefers were divorced at the time CBI instituted its collection action. Accordingly, it appears Mr. Hennefer was not a proper party defendant in an action to recover debts that Ms. Hennefer owed, much in the same way that Mr. Roskelley was not a proper party defendant in an action seeking recovery of debts his daughter owed, based upon the assumption the debtors were married. It was not improper, however, to name Mr. and Mrs. McGee as party defendants in one suit to the extent CBI sought recovery of debts incurred by one or both spouses from community property. They were married at

the time the debts were incurred, and remained married at the time the collection action was filed.[6]

Accordingly, the motion to amend will be granted, in part, to allow the addition of Mr. Hennefer as a plaintiff in this matter. The Court makes no determination as to the merits of Roskelley's claims, and declines to address Defendants' additional arguments, directed at the same.[7]

## 2. Motion to Strike Class Allegations

CBI filed its motion to strike the class allegations pled by Roskelley on the grounds he is not a proper class representative and he cannot demonstrate either the numerosity or typicality requirement of Fed. R. Civ. P. 23(a)(3). (Dkt. 25.) The motion was alternatively raised as a motion to deny class certification. (Dkt. 25.)

Roskelley asserts that the motion is premature, and that the authorities upon which CBI relies involved post-discovery motions for class-certification. He contends CBI has a policy of suing non-debtors it assumes to be the spouse of persons named in the accounts assigned to CBI, and that he should be permitted to conduct discovery in support of his class claims.

District courts have broad discretion to control the class certification process. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). Often, the

---

[6] Roskelley does not dispute this fact.
[7] The Court declines to address the arguments raised regarding service. Although Roskelley includes an allegation that Defendants fail to properly serve defendants named in their collection complaints, this argument concerns the merits of Plaintiffs' claims, and the Court declines to address the matter on a motion to amend complaint.

pleadings alone will not resolve the question of class certification and some discovery will be warranted. *Id*. "[T]he parties' pleadings alone are often not sufficient to establish whether class certification is proper, and the district court will need to go beyond the pleadings and permit some discovery and/or an evidentiary hearing to determine whether a class may be certified." *Mills v. Foremost Ins. Co*., 511 F.3d 1300, 1309 & n. 14 (11th Cir. 2008). The Court has flexibility in determining the timing of certification, which may vary depending upon the circumstances of the case.

Fed. Rule Civ. P. 23(c)(1)(A) states that the court must, "at an early practicable time…determine by order whether to certify the action as a class action." The reference to an early practicable time "recognizes that there may be many valid reasons justifying the deferral of the initial certification decision," such as the preference to address the certification request on a summary judgment motion as to the individual plaintiff or the need for further discovery. FED. PRAC. & PROC. Civ. § 1785.3. However, "[a]s a practical matter, the court's determination under subdivision (c)(1) usually should be predicated on more information than the complaint itself affords." *Id. See also Coll. of Dental Surgeons of Puerto Rico v. Connecticut Gen. Life Ins. Co*., 585 F.3d 33, 40 (1st Cir. 2009) ("A complaint that contains class-type allegations historically has been assumed to assert a class action before formal class certification."). Class composition, including compliance with Rule 23, is not the issue at the inception of a class action, and

satisfaction of Rule 23's requirements is not before the Court at this time—that is a question for the Court at the class certification stage. *See id.*, 585 F.3d at 41-42.[8]

Additionally, the Court has the inherent power to change its decision later. *See* Fed. Rule Civ. P. 23(c)(1)(C) (court orders that grant or deny class certification "may be altered or amended before final judgment."). This includes the ability to alter the class description. Fed. Prac. & Proc. Civ. § 1785.4. Here, it appears from the face of the Complaint that there may be others similarly situated to Roskelley, and that he may be able to identify other members of the class or classes he claims to represent.

Because this matter is in early stages of development, the Court finds it would be premature to address Defendants' numerosity, commonality and other arguments, and to rule that the case should not proceed as a class action, especially given the opportunity exists to amend the class descriptions at the close of discovery. Should the Court reach the question of certifying a class, and later find that Roskelley has not or cannot adequately identify a class or classes which he can properly represent, the Court may reconsider its preliminary decision to allow the case to proceed as a class action. *Louisiana Ed. Ass'n v. Calcasieu Par. Sch. Bd.*, 76 F.R.D. 629, 631 (W.D. La. 1977).

---

[8] The Court notes that the authorities upon which CBI relies in support of its arguments were all decided upon motions for class certification.

CBI's motion to strike, or in the alternative to deny class certification, will be denied.[9]

3. **Motion to Stay Discovery**

Defendants moved the Court to stay discovery until the Court issued a decision on the motion to strike or deny the class allegations. The motion to stay asserts that Roskelley has propounded discovery relating to his class claims. Defendants indicated they would provide discovery responsive to Roskelley's individual case only. The Court declined to rule upon the motion to stay until it received and reviewed the discovery requests served upon Defendants. (*See* Dkt. 20, 21, 29, 33, 40.) The Court reviewed the discovery requests (Dkt. 21, and did not issue a ruling, instead preferring to determine the issues raised by the motion to amend and motion to strike together.[10]

Having now considered the motion to amend and the motion to strike, the Court will deny the motion to stay as moot. To the extent the parties require a protective order to address Defendants' claims that production of documents related to Roskelley's class claims may violate the privacy interests of nonparties, the Court will consider a proposal for the same. And last, because of Mr. Hennefer's addition as a party plaintiff and the

---

[9] Because the Court has determined the issue of class certification is premature, it declines to reach CBI's arguments (and the facts regarding CBI's handling of the Roskelleys' accounts) asserting that Roskelley cannot satisfy the typicality or numerosity requirement of Rule 23. Similarly, CBI has interjected additional facts regarding the propriety of holding Mr. Clark individually liable. These factual issues are reserved for consideration at a later time, once additional discovery has been conducted, and may be raised upon a motion for summary judgment, a motion for class certification, or both.

[10] Now that the Court has ruled regarding the motion to amend, it appears the scope of the discovery requests (Dkt. 21) inquiring about CBI's practice of joining parties in its collection suits may be more limited.

**MEMORANDUM DECISION AND ORDER - 16**

substitution of local counsel under the circumstances, the Court will conduct a status conference with the parties for the purpose of discussing discovery and other deadlines.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Defendants' Motion to Strike Class Allegations (Dkt. 25) is **DENIED**.

2) Defendants' Motion for Protective Order to Stay Discovery Pending Resolution of Defendants' Motions (Dkt. 26) is **DENIED as MOOT**.

3) Plaintiff's Motion to Amend Complaint (Dkt. 27) is **GRANTED IN PART AND DENIED IN PART**, as discussed herein.

4) Plaintiff must file the amended complaint within seven (7) days of the date of the Court's Order.

5) The Court will issue a separate notice of hearing for the purpose of setting a telephonic status conference to discuss further amendment to the scheduling order.

DATED: October 8, 2019

Honorable Candy W. Dale
United States Magistrate Judge